EAST PENNSAUKEN VOLUNTEER FIRE ASSOC. #1, ETC., *ET AL.*, APPELLANTS, v. THE TOWNSHIP OF PENN-SAUKEN, *ET AL.*, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 14, 1964—Decided October 9, 1964.

Before Judges CONFORD, KILKENNY and LEWIS.

*Mr. Ambrose J. Hinnegan* argued the cause for appellants.

*Mr. William B. Scatchard, Jr.,* appeared for respondent Township of Pennsauken.

*Mrs. Marilyn H. Loftus-Schauer,* Deputy Attorney General, argued the cause for respondent Civil Service Commission (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

LEWIS, J. A. D.   Appellants, volunteer fire associations (sometimes also referred to as fire companies) in the Township of Pennsauken, were incorporated and operate under *R. S.* 15:8–1 *et seq.* as non-profit corporations for the purpose of offering fire protection to the residents of the township. Their complaint in the Superior Court, Law Division, sought a declaratory judgment regarding the civil service status, rights and duties of their respective members.

The record before us has been settled by an agreed statement of facts pursuant to *R. R.* 4:88–8(a), which was supplemented, in response to inquiries from this court, by an explanatory letter from the office of the Attorney General on behalf of the Civil Service Commission.   The pertinent facts may be summarized:

—The appellant associations are comprised of volunteer members and officers, and each association except one has a fireman on full-time duty who receives an annual salary paid by the township.

—The municipality annually appropriates money for said associations, provides workmen's compensation and other insurance, and owns all of the fire equipment and apparatus.

—On June 13, 1955 the township adopted an ordinance to "organize, regulate and control the part paid and volunteer fire department," and specifically designated therein the six appellant fire companies.

—The legal voters of the township approved, on November 8, 1960, an ordinance of their governing body fixing and increasing the salaries of the paid members of the volunteer fire department.

—The residents of the township, at a general election on November 7, 1961, adopted the provisions of the Civil Service Act, *R. S.* 11:19–1 *et seq.*, applicable to counties, municipalities and school districts. At that time there existed five full-time firemen whose positions were "covered in," conformably with *N. J. S. A.* 11:21–6, and their employment has been continued.

—The single remaining position is held by a permanent patrolman, temporarily assigned as a full-time fireman. To fill that open classification the Civil Service Department in July 1962 initiated its examining procedures but an eligible roster of three names, as contemplated by *N. J. S. A.* 11:22–16, has not resulted.

—Appellants maintained that neither they nor their several members, paid or unpaid, were subject to Civil Service.

—On November 20, 1962 the Civil Service Commission, at its regular meeting, adopted the following resolution:

"The regular interpretation of the Civil Service Law which is followed by the Civil Service Commission is that all firemen in municipalities subject to Civil Service are covered by Civil Service if the source of the funds for the payment of their salaries is from the Municipal Treasury. It is the Commission's position that the firemen in Pennsauken Township are covered by Civil Service for this reason."

—At pretrial conference a motion was made by the Commission to transfer the pending case to the Superior Court, Appellate Division. Although originally denied, the motion was subsequently reconsidered and granted by order of transfer dated September 24, 1963.

The municipality has filed an appellate brief stating it "appears to be anomalous" for it to advocate the postulation advanced by either the fire companies or the Commission because of the close identification of the township with each of the parties and the necessity of its compliance with the ultimate judicial determination.

The Commission does not maintain that Civil Service extends to all members of the appellant fire companies. Indeed, there is an acknowledgment in its brief that such a contention would be contrary to law. The position taken by the Commission is that only the six full-time permanent firemen, within the power of appointment of the township and whose salaries are payable from the municipal treasury, are subject to the provisions of the Civil Service Act. Thus, the narrow point at issue for our consideration is the validity of the aforequoted resolution adopted by the Commission on November 20, 1962, as applied to those particular firemen.

It is unnecessary for the purposes of this opinion to discuss the independent character of volunteer fire companies incorporated under *R. S.* 15:8–1 *et seq.*, or to distinguish that kind of an entity from other types of volunteer fire companies authorized by law. Suffice it, for our present purposes, to note the language of Justice Hall, speaking for our Supreme Court in *Schwartz v. Borough of Stockton,* 32 *N. J.* 141 (1960), who, after recognizing the need for fire protection everywhere and the supply of that need in many municipalities by independent volunteer companies incorporated as associations not for pecuniary profit, made the comment:

"[T]hey may, and generally do, have definite relationships with municipal governing bodies, at least through annual appropriations to them for equipment and maintenance, thereby giving them a kind of semi-official status." (at *p.* 151)

The crux of appellants' claim, upon which their exclusionary theory must stand or fall, is that no employer-employee relationship ever existed between the respondent municipality and the paid member-firemen of appellant associations. The

evidence, however, convincingly indicates that such a contention is not well-founded.

The municipal fire department ordinance adopted in 1955, *supra,* provides *inter alia,* "There shall be appointed by resolution of the township committee not more than six firemen who shall be full time employes of the part paid and volunteer Fire Department of the Township of Pennsauken" *Art.* 8, § 1. The salary-increase ordinance of 1960, *supra,* refers to "Patrolmen and paid firemen,". and establishes their salary ranges, which schedule is followed by a statement:

"That the words 'paid firemen of the part paid and volunteer Fire Department of the Township of Pennsauken,' as used in this ordinance, shall be construed to mean and refer to those firemen who hold and who shall hold their office or *employment* by virtue of appointment pursuant to ARTICLE 8 of an ordinance of the Township of Pennsauken entitled 'An ordinance to organize, regulate and control the part paid and volunteer Fire Department, in and for The Township of Pennsauken * * *' * * *." (Emphasis supplied)

Additionally, the parties have stipulated that the compensation paid to the firemen in question is received by them from the Township of Pennsauken and is "designated by the municipal authority as salary." There is nothing suggestive in the record that the position of a salaried fireman on the municipal payroll is inconsistent with membership in a volunteer fire company, or *vice versa.*

When the municipality adopted the provisions of the Civil Service Act, it subscribed to the legislative mandate to operate thereunder. *R. S.* 11:19–2; see also *R. S.* 11:21–4. By statute " 'Civil service' includes all offices and positions of trust or employment in the service of any * * * municipality * * *," *R. S.* 11:19–1, and the classified service shall include all persons "in the paid service of a * * * municipality * * * not included in the unclassified service * * *," *R. S.* 11:22–3. Municipally paid firemen are not embraced by any of the categories of unclassified service enumerated in *N. J. S. A.* 11:22–2.

Clearly, these paid firemen are employees of the township. Note *Sullivan v. McOsker,* 84 *N. J. L.* 380, 383 (*E. & A.*

1913), where a warden selected and employed by the sheriff, but paid out of county funds, was held to be an employee in the service of the county and therefore within the protection of the Civil Service Act. *Cf. Cuna v. Bd. of Fire Com'rs, Avenel,* 42 *N. J.* 292 (1964). In *Connors v. City of Bayonne,* 36 *N. J. Super.* 390, 396 (*App. Div.* 1955), certification denied 19 *N. J.* 362 (1955), this court emphasized the liberal construction to be afforded Civil Service coverage, saying "it behooves the judicial branch of the government to give the widest possible range to the application of the law." That case was approvingly cited and quoted in *Loboda v. Clark Tp.,* 40 *N. J.* 424, 434 (1963).

The final determination of the Commission should not be disturbed on judicial review unless it be "patently incompatible with the language and spirit of the law." *Walsh v. Dept. of Civil Service,* 32 *N. J. Super.* 39, 44 (*App. Div.* 1954). See also *Falcey v. Civil Service Commission,* 16 *N. J.* 117, 123 (1954); *DeStefano v. Civil Service Commission,* 130 *N. J. L.* 267, 269 (*E. & A.* 1943). Appellants have made no such showing.

Accordingly the agency determination is affirmed.